IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

**CRIMINAL CASE NO. 1:07cr32**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| vs. | ) | <u>**O R D E R**</u> |
| | ) | |
| **DARIAN KENDELL ROBINSON.** | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Resentencing under Title 18 U.S.C. § 3582(c)(2) and Title 18 U.S.S.G. § 1B1.11(b)(2) Pursuant to Amendment 709." [Doc. 198].

On April 3, 2007, the Defendant was charged in a bill of indictment along with five other co-defendants with engaging in a drug trafficking conspiracy, in violation of 21 U.S.C. §§ 846 and 841(a)(1). [Doc. 1]. On July 9, 2007, the Defendant pled guilty to this charge pursuant to a plea agreement. [Doc. 80]. The Defendant was sentenced on June 25, 2008, to 276 months of imprisonment. [Doc. 170]. The Defendant's sentence was affirmed by the Fourth Circuit Court of Appeals on July 6, 2009. [Doc. 194].

The Defendant now moves the Court pursuant to 18 U.S.C. § 3582(c)(2) to be resentenced due to "plain error." Specifically, the Defendant contends that the Court erred in counting the two sentences he received in 1990 for felony drug offenses as separate sentences for the purpose of calculating his criminal history. The Defendant argues that application of Amendment 709 requires that these sentences be counted as a single sentence. The Defendant's argument is without merit. The Defendant was sentenced under the 2007 version of the Sentencing Guidelines, which incorporated the provisions of Amendment 709 on which the Defendant relies. Under the 2007 version of the Guidelines, prior sentences are to be counted separately if the sentences were imposed for offenses that were separated by an intervening arrest. See U.S.S.G. § 4A1.2(a)(2) (2007). The offenses for which these two sentences were imposed were separated by an intervening arrest and were therefore properly counted as separate sentences for the purpose of calculating the Defendant's criminal history.

For the foregoing reasons, **IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Resentencing under Title 18 U.S.C. § 3582(c)(2)

and Title 18 U.S.S.G. § 1B1.11(b)(2) Pursuant to Amendment 709" [Doc. 198] is **DENIED**.

    **IT IS SO ORDERED**.

Signed: April 13, 2010

Martin Reidinger
United States District Judge