IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:09cv473
[Criminal Case No. 1:07cr32]

| | |
|---|---|
| DARIAN KENDELL ROBINSON, )<br>)<br>Petitioner, )<br>vs. )<br>)<br>UNITED STATED OF AMERICA, )<br>)<br>Respondent.) | ORDER |

**THIS MATTER** is before the Court on the Petitioner's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1].

## PROCEDURAL HISTORY

On April 3, 2007, the Petitioner was charged in a one-count Bill of Indictment with conspiracy to possess with intent to distribute 50 or more grams of cocaine base, in violation of 21 U.S.C. §§ 846(a)(1) and 846. [Criminal Case No. 1:07cr32, Doc. 1]. On July 9, 2007, he entered into a plea agreement with the Government whereby he agreed to plead guilty to Count One of the Bill of Indictment. [Id., Doc. 79]. In exchange for the Petitioner's

1

guilty plea, the Government agreed it would not file a section 851 notice of Robinson's second qualifying felony conviction. [Id., Doc. 178, at 19.] Pursuant to his Plea Agreement, the Petitioner also waived his right to contest his conviction and sentence on appeal or post-conviction motion except for claims of ineffective assistance of counsel and prosecutorial misconduct. [Id., Doc. 79].

Three months after the entry of his guilty plea, the Petitioner filed a second motion requesting the removal of his counsel, Mr. Rollman, and seeking appointment of new counsel. [Id., Doc. 93]. On October 11, 2007, Mr. Rollman filed a motion to withdraw, asserting a conflict of interest. [Id., Doc. 92]. The Court granted counsel's motion to withdraw and the Petitioner's motion for the appointment of new counsel. [Id., Doc. 96]. The Court appointed Stanford K. Clontz to represent the Petitioner. [Id., Doc. 100].

On March 19, 2008, Mr. Clontz filed a motion to withdraw the Petitioner's guilty plea. [Id., Doc. 138]. At a hearing on the motion, the Petitioner then changed his mind and orally moved to withdraw his motion to withdraw the plea, a motion granted by the Court. [Id., Doc. 149]. Mr. Clontz also moved to withdraw from the Petitioner's case because the Petitioner had retained Richard Beam and Steve Dolly to represent him. [Id., at 142]. The

Court granted that motion.

The probation officer prepared a revised presentence report ("PSR") on April 15, 2008. [Id., Doc. 152]. The Petitioner and his counsel met on several occasions to discuss the matters contained in the PSR, including the prior convictions used to establish his career-offender status. [ Doc. 8-2, at ¶¶ 2-3]. The Petitioner also prepared written objections to all matters in the PSR that he deemed inappropriate. [Id., at ¶ 5]. According to the Petitioner's counsel, the Petitioner claimed that he was never indicted on one of the two prior felony convictions which formed the basis of his career offender status. [Id., at ¶ 6]. The Petitioner's counsel confirmed the conviction by obtaining a certified copy of that conviction from the New Jersey Court. [Id.; Doc. 8-1]. The Petitioner did not question the other conviction supporting his career offender status.

The Petitioner's career offender status raised his total offense level by five levels, for a total offense level of 34, and increased his criminal history category from V to VI. [Criminal Case No. 1:07cr32, Doc. 152]. On June 18, 2008, the Petitioner filed an objection under 21 U.S.C. § 851(c), denying that the prior conviction alleged in the § 851 Notice should be used as a basis to increase his potential punishment. [Id., Doc. 167]. On June 25, 2008, the

3

Court sentenced Petitioner to 276 months imprisonment plus ten years of supervised release. [Id., Doc. 170].

On July 1, 2008, Petitioner filed a *pro se* Notice of Appeal in the Fourth Circuit Court of Appeals. [Id., Doc. 172]. The Fourth Circuit appointed appellate counsel Eric S. Bach to represent Petitioner. Mr. Bach filed a brief in accordance with Anders,[1] challenging the adequacy of the Rule 11 hearing and questioning the Petitioner's sentence, but concluding that there were no meritorious grounds for appeal. The Petitioner also filed a supplemental brief challenging his conviction and sentence. On July 6, 2009, the Fourth Circuit concluded that there were no meritorious grounds for appeal and affirmed the Petitioner's sentence. United States v. Robinson, 337 Fed. Appx. 360 (4th Cir. 2009). The Court stated that it had considered all of the claims raised in the Petitioner's supplemental brief and concluded that they were without merit. Id., at 362 n *.

On December 28, 2009, the Petitioner timely filed the instant Motion to Vacate alleging various claims of ineffective assistance of counsel.[2] The

---

[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[2] The case was reassigned to the undersigned when the sentencing judge retired.

Government has filed response.[3]

## STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief. If the motion is not dismissed after that initial review, the Court must direct the government to respond. Id. The Court must then review the Government's answer and any materials submitted by the parties and determine whether an evidentiary hearing is warranted pursuant to Rule 8(a). Following such review, if it is clear to the Court that a petitioner is entitled to no relief, a hearing is not required. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687-91, 104 S.Ct. 2052,

---

[3]The record incorrectly states that the Government moved for summary judgment. [Doc. 9]. In fact, the Government filed a response to the Petitioner's motion seeking denial thereof. [Doc. 8].

5

80 L.Ed.2d 674 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689.

To demonstrate prejudice, a petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), *quoting* United States v. Frady, 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Under these circumstances, a petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney General of the State of Md., 956 F.2d 1290, 1297 (4th Cir. 1992), *certiorari denied* 506 U.S. 885, 113 S.Ct. 243, 121 L.Ed.2d 176 (1992) (citations omitted). Therefore, if a petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1297, *citing* Strickland, 466 U.S. at 697.

Moreover, in considering the prejudice prong of the analysis, the Court must not grant relief solely because a petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), *certiorari denied* 528 U.S. 855, 120 S.Ct. 139, 145 L.Ed.2d 118 (1999). Rather, the

Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., *quoting* Lockhart v. Fretwell, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).

A presumption exists that counsel is competent. A petitioner seeking post-conviction relief bears a heavy burden to overcome this presumption, and the presumption is not overcome by conclusory allegations. Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Indeed, a petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). In the plea context, a petitioner must show that his counsel's performance was deficient and "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Fields, 956 F.2d at 1297. Because some of the Petitioner's claims here challenge issues at sentencing, in order to demonstrate an entitlement to relief, he must, at a minimum, allege facts which establish that his "sentence would have been more lenient" absent counsel's errors. Royal v. Taylor, 188 F.3d 239, 248-49 (4th Cir. 1999), *certiorari denied* 528 U.S. 1000, 120 S.Ct. 465, 145 L.Ed.2d 379 (1999).

## DISCUSSION

The Petitioner first alleges that his counsel was ineffective for failing to determine that he was not a career offender. A defendant is a career offender under U.S.S.G. § 4B1.1(a)(3) if "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." According to the PSR, the Petitioner was convicted of felony possession of a controlled dangerous substance and felony possession of cocaine with intent to distribute on November 30, 1990 and felony possession of cocaine with intent to distribute within 1000 feet of a school and felony possession of a controlled dangerous substance on December 6, 1990. [Criminal Case No. 1:07cr32, Doc. 152, at § 28].

On direct appeal, the Fourth Circuit specifically concluded that "the district court properly considered the 1990 convictions in determining that Robinson was a career offender[.]" United States v. Robinson, 337 Fed. Appx. at 361. The law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). Issues previously decided on direct appeal cannot be recast in the form of a § 2255 motion. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976), *certiorari denied* 429 U.S. 863,

8

97 S.Ct. 169, 50 L.Ed.2d 142 (1976) ("[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under Section 2255."). Accordingly, since the Petitioner has not directed the Court's attention to any intervening change in the law which would authorize him to re-litigate this claim in this proceeding, this claim is procedurally barred.

The Petitioner's counsel cannot be found ineffective for failing to challenge the convictions supporting his career offender status as the Fourth Circuit concluded that this Court properly considered the convictions in determining that the Petitioner was a career offender.

Next, the Petitioner contends that his counsel was ineffective for failing to consult with him about his appeal. Mr. Beam, the Petitioner's attorney, avers that although he was not retained for appellate matters, he spoke with the Petitioner, at length, about his right to appeal his sentence and ensured that he exercised those rights. In fact, counsel made sure the Petitioner mailed his Notice of Appeal to the Court, even before Judgment was entered in the case. Mr. Beam further states that he contacted the Fourth Circuit regarding appointment of counsel for the Petitioner and forwarded the appropriate paperwork to Petitioner. [Doc. 8-2, at ¶¶ 9-11]. The Petitioner

9

does not refute his counsel's affidavit. Therefore, he has not established that his counsel was deficient.

The Petitioner also cannot establish any prejudice in connection with his claim that counsel failed to consult with him regarding an appeal. The record establishes that the Petitioner filed a timely Notice of Appeal and that the Fourth Circuit appointed counsel to represent him on appeal. Appellate counsel filed an Anders brief on the Petitioner's behalf and the Court allowed Petitioner to file a *pro se* supplemental brief. The Court considered and rejected Petitioner's *pro se* supplemental claims in it written decision. United States v. Robinson, 337 Fed. Appx. at 361. The Petitioner has not established either prong of the Strickland test and his claim therefore fails.

Next, the Petitioner argues that his counsel was ineffective for failing to request a downward departure based on overrepresentation of his criminal history. Pursuant to U.S.S.G. § 4A1.3(b) a downward departure should be granted when "reliable information indicates that the defendants's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." An over-representativeness departure is almost never appropriate where the defendant's criminal history reflects recidivism in

controlled substance offenses.  United States v. Stockton, 349 F.3d 755, 764-765 (4th Cir. 2003), *certiorari denied* 541 U.S. 953, 124 S.Ct. 1695, 158 L.Ed.2d 385 (2004); see also United States v. Atkins, 937F.2d 947, 952 (4th Cir. 1991) (noting that Congress considered controlled substance recidivism to be "especially dangerous.").  Moreover, a downward departure is generally granted on career offender cases in the "atypical case" where career-offender status overstates the seriousness of defendant's prior conduct.  Atkins, 937 F.2d at 952.

The Petitioner's case is not an atypical case.  His criminal history, as reflected in the PSR, indicated that he has been involved in drug crimes since at least 1989. [Case No. 1:07cr32, Doc. 152, at ¶ 35].  In late 1989 and early 1990, Petitioner committed several serious drug offenses for which he received a serious sentence.  Petitioner also received two minor convictions for drug offenses in 1993 and 1998, indicating that his involvement with drugs did not stop after his 1990 felonies. [Id., Doc. 152, at ¶¶ 37, 39].  The Petitioner's criminal record does not support a finding that counsel was deficient for failing to request a downward departure based on overrepresentation of his criminal history.  Moreover, the Petitioner has not shown that, based on the Petitioner's criminal history, the sentencing Court

would have granted such a request.[4] The Petitioner has not established either prong of the Strickland test with respect to his claim and therefore, his claim must fail.

The Petitioner next argues that his counsel was ineffective for failing to argue that his prior sentences – the two drug felonies – should have been counted as a single sentence under Amendment 709. Specifically, the Petitioner argues that the two felony drug sentences he received in 1990 should be counted as a single offense because they were allowed to be served concurrently. The undersigned recently denied the Petitioner's "Motion for Resentencing under Title 18 U.S.C. § 3582(c)(2) and Title 18 U.S.S.G. § 1B1.11(b)(2) Pursuant to Amendment 709" filed in his criminal case in which he made the same argument. [Criminal Case No. 1:07cr32, Doc. 200]. As explained in that Order, the Petitioner was sentenced under the 2007 version of the Sentencing Guidelines, which incorporated the provisions of Amendment 709 on which Petitioner relies. Under the 2007 version of the Guidelines, prior sentences are to be counted separately if the sentences

---

[4] The Court notes that such departures are specifically limited to one criminal history category. U.S.S.G, § 4A1.3(b)(3)(A). The Petitioner's criminal history category could have only been reduced from a level VI to V and his offense level would have remained at level 34. The corresponding guidelines range of imprisonment is 235-296 months. The Petitioner's 276 month sentence falls squarely within that range.

were imposed for offenses that were separated by an intervening arrest. U.S.S.G. § 4A1.2(a)(2) (2007). The offenses for which these two sentences were imposed were separated by an intervening arrest and were therefore properly counted as separate sentences for the purpose of calculating the Petitioner's criminal history. Since the Petitioner has not established either prong of the Strickland test with respect to this claim, it must fail.

The Petitioner next argues that he was coerced into pleading guilty when his attorney incorrectly advised him that he could receive a life sentence if he waited to plead or lost at trial. The Petitioner also claims that he was coerced into pleading guilty when his counsel incorrectly informed him that he would only be held accountable for cocaine powder.

First, as a factual matter, Petitioner was potentially subject to a mandatory statutory sentence of life in prison under 21 U.S.C. §841(b)(1)(A)(iii) because his drug offense involved 50grams or more of cocaine base and he had two prior drug felonies that qualified under § 851.[5] Therefore, counsel's advice regarding the statutory sentencing possibilities was accurate.

Next, the Petitioner claims that his counsel incorrectly advised him, by

---

[5] In exchange for Petitioner's guilty plea, the government agreed it would not file a section 851 notice of Robinson's second qualifying felony conviction. [Id., Doc. 178].

letter, that he would only be held accountable for cocaine powder. The Court's review of the letter and the entire record in this case makes clear that counsel's reference to powder in his letter to Petitioner was simply a mistake. Indeed, the letter referenced by the Petitioner, dated June 12, 2007, states in part, "I understand that the plea deadline in your case is Friday June 15, 2007. As we have discussed on Saturday, May 26, 2007, the United States has offered you a plea to count one of the Bill of Indictment, being conspiracy related to 150 to 500 grams of cocaine powder." [Doc. 1, at 26]. The record reveals that the Petitioner entered a guilty plea, pursuant to a plea agreement, on July 9, 2007. The Petitioner was clearly advised, on the record, that his plea was to Count One of the Bill of Indictment which charged conspiracy to possess with intent to distribute 50 grams or more of cocaine base. Counsel advised that in exchange for the Petitioner's guilty plea, the Government agreed to file one § 851 notice instead of two taking his statutory sentence from mandatory life to a 20 years to life. [Criminal Case No. 1:07cr32, Doc. 178]. The Court then conducted a thorough plea colloquy and reviewed the elements of Count One specifically and clearly referencing cocaine base as the drug to which Petitioner was pleading. [Id.]. The Petitioner acknowledged that he understood the elements of Count One as explained by the Court.

14

[Id.]. The Fourth Circuit has concluded that the Petitioner entered his plea knowingly and voluntarily and that the plea was supported by an individual factual basis. United States v. Robinson, 337 Fed. Appx. at 361.

Therefore, even if this Court were to assume counsel was deficient for referencing cocaine powder[6] in his letter to the Petitioner, the Petitioner cannot establish prejudice as the Court accurately advised the Petitioner that his plea was to Count One of the Bill of Indictment which was for conspiracy to possess with intent to distribute cocaine base. Indeed, the Fourth Circuit has explained that "if the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant." United States v. Lambey, 974 F.2d 1389, 1395 (4th Cir. 1992), *certiorari denied* 513 U.S. 1060, 115 S.Ct. 672, 130 L.Ed.2d 605 (1994). The Petitioner was properly advised of the elements of the offense to which he was pleading guilty by the Court during his Rule 11

---

[6] The Court notes that the Bill of Indictment and the Plea Agreement also reference cocaine base. It appears that counsel's reference to cocaine powder in his letter to Petitioner was a mistake. However, a review of the record satisfies the undersigned that Petitioner was correctly advised during his Plea and Rule 11 hearing of the essential elements of Count One of the Bill of Indictment including that drug to which he was pleading was cocaine base.

15

hearing and he stated that he understood those elements. He also stated that no one coerced him into accepting the plea and that he was entirely satisfied with the services of his attorney. [Criminal Case No. 1:07cr32, Doc. 178, at 27-28]. The Petitioner has not established either prong of the Strickland test with respect to this claim. Therefore, his claim that counsel coerced him into pleading guilty must fail.

Next, the Petitioner argues that his counsel was ineffective for failing to advise him of his right to a preliminary hearing. The Petitioner was indicted by a grand jury, therefore, a preliminary hearing was not required. Fed.R. Crim.P. 5.1(a)(2); 18 U.S.C. § 3060(e). The Petitioner has not established either prong of the Strickland test and therefore this claim must fail.

Finally, the Petitioner contends that his counsel was ineffective for failing to protect his rights under the Speedy Trial Act of the Sixth Amendment. The Petitioner argues that counsel improperly allowed the Court to grant *sua sponte* a continuance of his trial on April 23, 2007. A review of the record reveals that the Petitioner was indicted on April 3, 2007. Counsel was appointed on April 19, 2007 and the Petitioner was arraigned on April 20, 2007. Three days after arraignment, the Court *sua sponte* continued the trial from the May 2007 term. [Criminal Case No. 1:07cr32, Doc. 36].

Petitioner raised this claim on direct appeal to the Fourth Circuit Court of Appeals in his supplemental brief. The Fourth Circuit considered the claim and concluded that it had no merit.[7] The law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court." Bell, 5 F.3d at 66. Issues previously decided on direct appeal cannot be recast in the form of a § 2255 motion. Boeckenhaupt, 537 F.2d at 1183 ("[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under Section 2255."). Accordingly, since the Petitioner has not directed the Court's attention to any intervening change in the law which would authorize him to re-litigate this claim in this proceeding, this claim is procedurally barred.

The Court has considered the pleadings and documents submitted by the Petitioner and the entire record of this matter and finds that it is clear that Petitioner is not entitled to relief on any of his claims. The Court further finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy §

---

[7] The Fourth Circuit reviewed the claims in Petitioner's pro se supplemental brief and concluded that they are without merit. United States v. Robinson, 337 Fed. Appx. at 361.

2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citations omitted). As a result, the Court declines to issue a certificate of appealability. Rule 11(a), <u>Rules Governing Section 2255 Proceedings for the United States District Courts</u>.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] is hereby **DENIED** and this action is hereby **DISMISSED**.

Signed: December 28, 2010

Martin Reidinger
United States District Judge