IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:14-cv-00058-MR
(CRIMINAL CASE NO. 1:07-cr-00032-MR-4)

| | |
|---|---|
| DARIAN KENDALL ROBINSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's "Motion for Reconsideration under Fed. R. Civ. P. 60(b) to Correct an Error of Law in the Habeas Proceeding and from Relief from Final Order" [Doc. 11].

The Petitioner filed his first 28 U.S.C. § 2255 petition on December 28, 2009. [Criminal Case No. 1:07-cr-00032-MR-4 ("CR"), Doc. 199]. This Court denied Petitioner's motion with prejudice on the merits on December 28, 2010. [CR Doc. 201]. The Petitioner filed a second 28 U.S.C. § 2255 petition on August 30, 2012 [CR Doc. 253], and this petition was denied as an unauthorized successive petition on January 16, 2013 [CR Doc. 260].[1] The

---

[1] Petitioner styled the action as a motion under Rule 60(b)(1) of the Federal Rules of Civil Procedure, but the Court determined it was, in substance, a successive petition.

Petitioner filed a third Section 2255 motion on February 24, 2014 [CR Doc. 292], and the Court dismissed this motion as a successive petition on June 9, 2014 [CR Doc. 302]. The Petitioner appealed the Court's Order [CR Doc. 303], and the Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed his appeal on November 25, 2014 [CR Doc. 305].

The Petitioner now bring the present motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure, arguing that this Court made a "mistake" in ruling on his third motion to vacate. [Doc. 11].

Although styled as a motion for reconsideration, the Petitioner's motion seeks to attack his conviction and sentence directly, not to remedy some defect in the collateral review process as would be cognizable under Rule 60(b).[2] Accordingly, the Court will treat his Rule 60(b) motion as a motion brought pursuant to Section 2255. See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) ("Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in

---

[2] Petitioner asserts that there is a "mistake" in the Court's prior ruling. This, however, is not the standard for filing a successive Section 2255 motion. Moreover, even if the Petitioner's motion could be properly characterized as a motion for reconsideration, the Court finds no reason to re-examine its prior ruling dismissing the Petitioner's February 24, 2014 motion as a successive petition. Accordingly, even if the Court addressed the Petitioner's motion on its merits, it would still be denied and dismissed.

2

substance a successive habeas petition and should be treated accordingly."); United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003) ("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application.").

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), as codified in 28 U.S.C. § 2255, provides that a "prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The AEDPA, however, provides a specific limitation on a prisoner's ability to bring a second, or successive motion under § 2255. Specifically, the AEDPA provides, in pertinent part, as follows:

> A second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The Petitioner has not provided any evidence that he has secured authorization from the Fourth Circuit to file a successive § 2255 motion. Therefore, this Court is without jurisdiction to consider the merits of the present Section 2255 motion and it will be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Petitioner's "Motion for Reconsideration under Fed. R. Civ. P. 60(b) to Correct an Error of Law in the Habeas Proceeding and from Relief from Final Order [Doc. 11] is **DENIED** and **DISMISSED** as a successive petition.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge